# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0980V
UNPUBLISHED

| | |
|---|---|
| KIMBERLY AXELROD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 10, 2022<br><br>Special Processing Unit (SPU); Compensation Under the Vaccine Program; Offset; Section 15(g); Claim of Subrogation by Private Health Care Insurance; Section 15(h). |

*LeeAnne Pedrick, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Nina Ren, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON INABILITY TO CLAIM PRIVATE HEALTH CARE INSURANCE OFFSET IN VACCINE PROGRAM [1]

  On May 9, 2022, Kimberly Axelrod ("Petitioner") filed a motion for a ruling concerning how Sections 15(g) and (h) of the National Childhood Vaccine Injury Compensation Program (the "Vaccine Act" or "Program")[2] pertains to the present case.

  Petitioner has been contacted by Optum, on behalf of her healthcare insurer United Healthcare, regarding recoupment of benefits under a right of subrogation set forth in the insurance policy. Thus, Petitioner seeks to clarify whether her health care insurer is entitled to reimbursement of benefits that it has paid if Petitioner recovers monies in her Vaccine case.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Under the Vaccine Program, a petitioner may recover actual and projected unreimbursable expenses, lost wages, and pain and suffering, and an award of $250,000 if the injury resulted in death. Section 15(a); *see also Helman v. Sec'y of Health & Hum. Servs.*, No. 10-813V, 2014 WL 3589564, at *1 (Fed. Cl. Spec. Mstr. June 24, 2014) (citing *Bruesewitz v. Wyeth, LLC*, 131 S.Ct. 1068, 1074 (2011)). But such compensation elements are limited by subsequent sections of the Act. Thus, punitive and exemplary damages are prohibited, and for unreimbursable expenses and pain and suffering, compensation may be provided only for the "health, education, or welfare of the person who suffered the vaccine-related injury." Section 15(d).

Additionally, total recoverable compensation for an established vaccine injury is offset by amounts paid or expected to be paid under an insurance policy and certain State or Federal programs. Section 15(g).[3] Thus, the Vaccine Act always and by its own terms functions as a *secondary payer* to a petitioner's health care insurance. Any entitlement award paid to a petitioner *cannot* include amounts paid or expected to be paid under his or her existing health care insurance policy. The Act also prohibits any health insurance policy from "mak[ing] payment of benefits under the policy secondary to the payment of compensation under the Program." Section 15(h).

In light of the above, it is readily evident that the plain language of the Vaccine Act does not authorize reimbursement for benefits already paid under Petitioner's health care insurance policy. **This means that if Petitioner is successful in establishing entitlement to a Vaccine Act award, her insurer cannot be reimbursed by the Vaccine Program for its payments for Petitioner's treatment in connection with the injury, sickness, accident, or condition which has been alleged**. Petitioner shall so inform any entity that indicates the intent to act in controversion of the Act's requirements.

Any questions about this order or about this case generally may be directed to OSM attorney **Kate Burmeister at (202) 357-6370 or Kate_Burmeister@cfc.uscourts.gov.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] As Section 15(g) specifically states:

> Payment of compensation under the Program shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program (other than under title XIX of the Social Security Act (42 U.S.C. 1396 *et seq.*)), or (2) by an entity which provides health services on a prepaid basis.