# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-980V
UNPUBLISHED

| | |
|---|---|
| KIMBERLY AXELROD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 6, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT**[1]

On February 22, 2021, Kimberly Axelrod filed a petition[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) resulting from the adverse effects of the influenza (flu) vaccination on September 22, 2020. *See* Amended Petition. Petitioner further alleges that the vaccination was administered within the United States, her vaccine-related injuries have lasted more than six months, and neither Petitioner, nor any other party, has ever brought an action or received compensation in the form of an award or settlement for Petitioner's

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed a more detailed amended petition on January 3, 2022. *See* ECF No. 18.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccine-related injuries. Amended Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 25, 2022, I issued Findings of Fact concluding that the evidence preponderantly demonstrates that Petitioner's vaccination was administered in her left arm, her injury persisted for more than six months, and onset occurred within 48 hours. Findings of Fact at 2, 7-11; ECF No. 42.

On January 9, 2023, Respondent filed his Rule 4(c) report in which he states that "he will not defend the case on other grounds during further proceedings before the Office of Special Masters." Respondent's Rule 4(c) Report at 3. Respondent further submits that "[P]etitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for a SIRVA claim." Specifically, Respondent states that "[P]etitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within forty-eight hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain [P]etitioner's right shoulder pain . . . . In addition, [P]etitioner suffered the residual effects of her condition for more than six months." *Id.* Responded concludes, "based on the record as it now stands and subject to his right to appeal the Findings of Fact, [R]espondent does not dispute that [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* (citing 42 U.S.C. § 300aa-13).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master