# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0980V

|  |  |
|---|---|
| KIMBERLY AXELROD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 29, 2024 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 22, 2021, Kimberly Axelrod filed a petition[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA") following her receipt of an influenza vaccine on September 22, 2020. Petition at 2. On December 15, 2023, I issued a decision awarding compensation

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed a more detailed amended petition on January 3, 2022. *See* ECF No. 18.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

to Petitioner, following briefing by the parties. ECF No. 61.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $72,091.22 (representing $71,077.60 in fees and $1,013.62 in costs). Petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs, filed Jan. 5, 2024, ECF No. 65. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 65-4.

Respondent reacted to the motion on January 5, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 47. On January 16, 2024, Petitioner filed a reply, criticizing Respondent's lack of a specific response to his motion and reiterating that he is entitled to an award of attorney's fees and costs. Petitioner's Reply to Respondent's Response to Petitioner's Application for Fee and Costs. ECF No. 67.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 65-2. Petitioner also has requested a 2024 hourly rate of $190 for paralegal work performed by Melissa Sealy – representing a rate increase of $10. *Id.* at 31, 33. I find this hourly rate to be reasonable.

I also note this case required additional briefing and argument regarding the issue of damages. *See* Status Report, filed Apr. 19, 2023, ECF No. 56 (reporting an impasse in damages discussions); Petitioner's Memorandum in Support of Motion for findings of Fact and Conclusions of Law Regarding Damages, filed June 13, 2023, ECF No. 58; Petitioner's Response to Respondent's Brief on Damages, filed Sept. 8, 2023, ECF No. 60. Petitioner's counsel expended approximately 11.9 hours drafting the brief in support of damages and 12.5 hours drafting the reply brief, totaling 24.4 hours. ECF No. 65-2 at 28-30. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 65-3. Although some of the documentation related to postage and document signatures do not specify the exact amounts (*e.g., id.* at 17-20), these costs are often reimbursed despite a lack of *any* documentation if the amounts are reasonable, and it can be ascertained that the cost was required. And Respondent offered no specific

objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$72,091.22 (representing $71,77.60 in fees and $1,013.62 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Catherine Costigan. Per Petitioner's request, the checks are to be forwarded to Maglio Christopher & Toale Law, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.